UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA<br>25510 Kelly Road<br>Roseville, MI 48066<br><br>and<br><br>SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA AMALGAMATED LOCAL UNION 444<br>71 E. Cherry Street<br>Rahway, NJ 07065<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN SMITH<br>833 English Chestnut Court<br>Hyattsville, MD 20785<br>Prince George's County<br><br>and<br><br>LaTANYA MONTGOMERY<br>11703 S. Laurel Dr., Apt. 1033<br>Laurel, MD 20708<br>Prince George's County<br><br>jointly and severely, Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff International Union, Security, Police and Fire Professionals of America (SPFPA) and

Security, Police and Fire Professionals of America Amalgamated Local Union 444 (SPFPA Local 444)

bring this action to recoup funds and property illegally converted by Defendants Brian Smith and LaTanya Montgomery.

**Jurisdiction and Venue**

1. Plaintiff SPFPA is an international labor union with its headquarters in Roseville, Michigan, and with affiliated local unions throughout the United States and Canada. Plaintiff SPFPA Local 444 is an amalgamated local union representing security employees in several states including Maryland.

2. Defendant Smith is a former president of Security, Police and Fire Professionals of America Local 292 (SPFPA Local 292). Defendant Montgomery is a former financial secretary-treasurer of SPFPA Local 292. Upon information and belief, Defendants Smith and Montgomery were, at all pertinent times, security employees employed by Paragon Systems at a Food and Drug Administration (FDA) facility in College Park, Maryland.

3. Prior to April 2, 2009, SPFPA Local 292 was a local union which was affiliated with the SPFPA. SPFPA Local 292 represented for the purpose of collective bargaining security employees employed by Paragon Systems at various FDA buildings located in or about College Park, Maryland.

4. Upon information and belief, Defendant Smith lives in Hyattsville, Maryland and Defendant Montgomery lives in Laurel, Maryland.

5. Jurisdiction is pursuant to 28 U.S.C. 1337 (2009), 29 U.S.C. 185 and 29 U.S.C. 501.

**Background**

6. Defendants Smith and Montgomery, as officers of SPFPA Local 292, were entrusted with the funds and property of SPFPA Local 292 and of the SPFPA.

7. The SPFPA and SPFPA Local 292 served as the collective bargaining agent for certain security employees employed by Paragon Systems.

8. By resolution passed on April 2, 2009 by the SPFPA's International Executive Board, SPFPA Local 292 was merged into SPFPA Local 444, and SPFPA Local 292 ceased operating as an independent local union.

9. The April 2, 2009 resolution directed that upon the merger of SPFPA Local 292 into SPFPA Local 444, the property and assets of the former SPFPA Local 292 were to be transferred to SPFPA Local 444.

10. As of the April 2, 2009 merger of Local 292 into Local 444, Defendants Smith and Montgomery no longer served as officers of former Local 292 or any other local union affiliated with the SPFPA.

11. The Constitution and By-Laws of the SPFPA (SPFPA Constitution) at Article XXVIII, Section 1 requires presidents of local unions affiliated with the SPFPA to enforce the SPFPA Constitution. The SPFPA Constitution at Article XXVIII, Section 6 requires financial secretary-treasurers of local unions affiliated with the SPFPA to deliver to their successors all funds and other property of their local unions. The SPFPA Constitution at Article XXIV, Section 7 provides that the funds, property and assets of the local union revert to and become the property and assets of the SPFPA upon a local union disbanding or otherwise ceasing to exist.

12. Subsequent to the merger of SPFPA Local 292 into SPFPA Local 444, the SPFPA directed Defendants to deliver the funds and property of SPFPA Local 292 to the SPFPA so that the funds property could be accounted for and inventoried, the appropriate Department of Labor close out audits could be completed, and the remaining assets could then be transferred to SPFPA Local 444.

13. Defendants Smith and Montgomery have refused to deliver to the SPFPA the property and funds of the former SPFPA Local 292 which are within their control.

14. The SPFPA Constitution at Article XXXV requires local unions to use a fiscal year which begins on April 1 and ends March 31, to have an annual audit performed by a certified public accountant, and to forward a copy of the audit report to the SPFPA.

15. Defendants Smith and Montgomery have failed to forward to the SPFPA a copy of an audit report of SPFPA Local 292 for the fiscal year ending March 31, 2009.

16. Plaintiff SPFPA has been unable to conduct an audit of the books and records of SPFPA Local 292 for periods prior to its merger into Local 444, because Defendants Smith and Montgomery have refused to return such records.

### Count I – Breach of Fiduciary Obligation

17. Plaintiffs reallege paragraphs 1 through 16 as if fully restated herein.

18. Defendants Smith and Montgomery occupied positions of trust within the meaning of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. Section 501.

19. Under LMRDA Section 501(a), Defendants Smith and Montgomery were obligated to protect union funds and property, and to ensure they were dissipated only for proper purposes.

20. Defendants Smith and Montgomery were obligated to hold union funds and property solely for the benefit of SPFPA Local 292, and the SPFPA and its affiliated local unions, and their members, and to refrain from dealing with SPFPA Local 292, and the SPFPA and its affiliated local unions, as adverse parties.

21.     Defendants Smith and Montgomery were prohibited from using union funds and property for purposes other than directly benefiting the membership of SPFPA Local 292, and the SPFPA and its affiliated local unions.

22.     Upon information and belief, Defendants Smith and Montgomery have failed to safeguard the property and money of the SPFPA for the benefit of SPFPA Local 292, and the SPFPA and its affiliated local unions, and their members.

23.     By failing to safeguard the union funds and property, and by refusing to deliver to the SPFPA union funds and property, including union funds and property under their control, Defendants Smith and Montgomery breached their fiduciary obligations under LMRDA Section 501.

## Count II – Breach of Fiduciary Duty (State Law)

24.     Plaintiffs reallege paragraphs 1 through 23 as if fully restated herein.

25.     As officers of the Local Union, Defendants Smith and Montgomery held a special confidence with respect to the business, funds and property of SPFPA Local Union 292 and the SPFPA.

26.     As officers of SPFPA Local 292, Defendants Smith and Montgomery were obligated to protect the funds and property of SPFPA Local Union 292 and the SPFPA, and to ensure they were dissipated only for proper purposes.

27.     As officers of SPFPA Local 292, Defendants Smith and Montgomery were prohibited from using the funds and property of SPFPA Local Union 292 or the SPFPA for purposes other than directly benefiting SPFPA Local 292, or the SPFPA or its affiliated local unions, or their members.

28.     Defendants Smith and Montgomery were in a fiduciary relationship with Plaintiff SPFPA and SPFPA Local 292.

29. By failing to safeguard the funds and property of the SPFPA and SPFPA Local 292, and by refusing to deliver to the SPFPA the funds and property under their control, Defendants Smith and Montgomery breached their fiduciary obligations.

### Count III – Conversion

30. Plaintiff reallege Paragraphs 1 – 16 as if they were fully restated herein.

31. Plaintiff SPFPA has demanded that Defendants Smith and Montgomery deliver to the SPFPA without delay the property of the SPFPA (including the property of Local Union 292).

32. Defendants Smith and Montgomery have refused to return the property, including the funds, of the SPFPA (including the property of Local Union 292).

33. Defendants Smith and Montgomery have no legal basis for retaining the property in question.

34. Defendants Smith and Montgomery have converted for their own purposes the property of the SPFPA (including the property of Local Union 292).

35. Plaintiffs have suffered damages as they have lost funds and property to which they are rightfully entitled, and may be subjected to fines and penalties for failing to report certain information to regulatory agencies.

### Count IV – Breach of Contract (29 U.S.C. 301)

36. Plaintiffs reallege Paragraphs 1 – 16 as if they were fully restated herein.

37. The SPFPA Constitution constitutes a contract between the SPFPA and its affiliated local unions.

38. Defendants Smith and Montgomery were obligated to fulfill their obligations under the SPFPA Constitution.

39. The SPFPA Constitution required Defendants Smith and Montgomery to act as fiduciaries of SPFPA Local 292, and the SPFPA.

40. By converting union funds to their own use and otherwise dealing with SPFPA Local 292 and the SPFPA as adverse parties, Defendants Smith and Montgomery failed to fulfill their contractual obligations under the SPFPA Constitution to act as fiduciaries of SPFPA Local 292 and the SPFPA.

41. The SPFPA Constitution required Defendants Smith and Montgomery to deliver the funds and other property of SPFPA Local 292 to the SPFPA upon the merger of the SPFPA Local 292 into SPFPA Local 444.

42. By failing to deliver to the SPFPA the funds and property in question, Defendants Smith and Montgomery failed to fulfill their contractual obligations under the SPFPA Constitution.

43. The SPFPA Constitution required Defendants Smith and Montgomery to have a certified public accountant perform an annual audit for fiscal year April 1, 2008 to March 31, 2009, and to forward a copy of the audit report to the SPFPA.

44. By failing to have an audit for fiscal year April 1, 2008 to March 31, 2009 performed, Defendants Smith and Montgomery failed to fulfill their contractual obligations under the SPFPA Constitution to have an audit performed and to forward a copy of the audit report to the SPFPA.

### Count V – Breach of Contract (State Law)

45. Plaintiffs reallege Paragraphs 1 – 16 as if they were fully restated herein.

46. The SPFPA Constitution constitutes a contract between the SPFPA and its affiliated local unions.

47. Defendants Smith and Montgomery were obligated to fulfill their obligations under the SPFPA Constitution.

48. The SPFPA Constitution required Defendants Smith and Montgomery to act as fiduciaries of SPFPA Local 292, and the SPFPA.

49. By converting union funds to their own use and otherwise dealing with SPFPA Local 292 and the SPFPA as adverse parties, Defendants Smith and Montgomery failed to fulfill their contractual obligations under the SPFPA Constitution to act as fiduciaries of SPFPA Local 292 and the SPFPA.

50. The SPFPA Constitution required Defendants Smith and Montgomery to deliver the funds and other property of SPFPA Local 292 to the SPFPA upon the merger of the SPFPA Local 292 into SPFPA Local 444.

51. By failing to deliver to the SPFPA the funds and property in question, Defendants Smith and Montgomery failed to fulfill their contractual obligations under the SPFPA Constitution.

52. The SPFPA Constitution required Defendants Smith and Montgomery to have a certified public accountant perform an annual audit for fiscal year April 1, 2008 to March 31, 2009, and to forward a copy of the audit report to the SPFPA.

53. By failing to have an audit for fiscal year April 1, 2008 to March 31, 2009 performed, Defendants Smith and Montgomery failed to fulfill their contractual obligations under the SPFPA Constitution to have an audit performed and to forward a copy of the audit report to the SPFPA.

**Damages**

Plaintiffs SPFPA and SPFPA Local 444 request damages as follows, including an Order directing:

    A. The granting to the Plaintiffs of a preliminary and permanent injunction ordering Defendants to return all property, including all records and funds, of the SPFPA and

SPFPA Local 292, as such existed, or should have existed, during the period of time such property was in the control of Defendants;

B. Reimbursement of all fines and penalties that may be imposed upon Plaintiffs as a result of Defendants Smith's and Montgomery's actions;

C. An accounting of all expenditures made and income received by SPFPA Local 292 for an appropriate period of time, with full repayment to the SPFPA for all funds not spent for proper purposes within the meaning of the SPFPA Constitution;

D. The payment to Plaintiffs for their costs associated with any Department of Labor inquiry or other matter arising out of Defendants' failure to provide the property and records;

E. The payment of exemplary and punitive damages as appropriate;

F. The payment of Plaintiffs' attorney fees and costs;

G. Interest; and

H. All other damages which this Court believes just and proper.

Dated: 11/23/09

Respectfully submitted,

*/s/ Daniel B. Smith*

Daniel B. Smith (Bar #15540)
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington, DC 20005
(202) 898-1707
(202) 682-9276 (fax)
dsmith@odsalaw.com

9

*/s/ Scott A. Brooks (DBS)*

Scott A. Brooks (MI Bar #P35773)
Gregory, Moore, Jeakle, Heinen & Brooks, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
(313) 964-5600
(313) 964-2125 (fax)
scott@unionlaw.net


Attorneys for the Security, Police and Fire Professionals of America, and Security, Police and Fire Professionals of America Amalgamated Local Union 444